```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                Case No: 2:15-cv-207-FtM-29MRM

KEITH A. SIMONEAU,

      Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Doc. #8) filed on June 24, 2015. Defendant, who is proceeding *pro se*, filed a Response (Doc. #12) on July 22, 2015 in which he explained to the Court that he had previously corresponded with Plaintiff's counsel in an attempt to resolve this matter. On July 24, 2015, the Court issued an Order (Doc. #13) explaining to Defendant that his Response did not address the legal question at issue: whether Plaintiff is entitled to a judgment on defaulted student loans. The Court granted Defendant an additional fourteen days to supplement the Response. Defendant has made no additional filings and the time to do so has expired. For the reasons set forth below, Plaintiff's motion is granted.

**I.**

Plaintiff the United States of America has filed a Complaint (Doc. #1) against Defendant Keith A. Simoneau (Simoneau) to recover on a promissory note. The relevant undisputed facts, as

established by a Certificate of Indebtedness (Doc. #8-1) provided by the U.S. Department of Education (the Department) are as follows:

On or about August 22, 1994, Simoneau executed a promissory note (the Note) to secure student loans from Citizens Bank Warwick, RI.  (Id.)  The loans were guaranteed by the RI Higher Education Assistance Authority (the Guarantor) and reinsured by the U.S. Department of Education (the Department) under Title IV of the Higher Education Act of 1965 (the Higher Education Act).  (Id.) The holder of the Note demanded payment according to the terms of the Note, and Simoneau defaulted on the obligation on July 30, 2002.  (Id.)  Due to the default, the Guarantor paid a claim in the amount of $10,855.40.  (Id.)  The Guarantor was reimbursed for that claim payment by the Department.  (Id.)  Ultimately, the Guarantor was unable to collect the debt from Simoneau and assigned its right and title to the Note to the Department.  (Id.)  As of September 4, 2014, Simoneau owed $10,855.40 in principal and $5,856.88 in interest for a total debt of $16,712.28.  (Id.) Interest continues to accrue on the unpaid principal amount at a rate of 3.13 % per annum through June 30, 2015 and thereafter at the rate established by the Department pursuant to the Higher Education Act.  (Id.)  In the Note, Simoneau further promised to pay, *inter alia*, "reasonable collection costs, including attorney's fees, court costs and collection fees" if he failed to make his required payments.  (Doc. #8-4.)

**II.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983) (finding summary judgment "may be inappropriate even where the

3

parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

### III.

Plaintiff seeks money damages in the amount owed on the Note. The Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1345. "To recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." United States v. Carter, 506 F. App'x 853, 858 (11th Cir. 2013). Here, via the Certificate of Indebtedness and the Note itself, Plaintiff has established that Simoneau executed the Note, that Plaintiff was assigned all rights to the Note, and that the Note is in default. Plaintiff does not contest or otherwise contradict this evidence. To the contrary, his Response (Doc. #12) concedes that a debt is owed. Accordingly, Plaintiff is entitled to a money judgment in the full amount owed on the Note, $16,712.28 as of September 4, 2014. From that date until June 30, 2015, Plaintiff is entitled to interest on the unpaid principal amount at a rate of 3.13% per annum. From June 30, 2015 until the entry of judgment, Plaintiff is entitled to interest on the unpaid

4

principal amount at the rate established by the Department pursuant to the Higher Education Act. Following the entry of judgment, interest shall accrue at the statutory post-judgment interest rate prescribed by 28 U.S.C. § 1961.

In addition to the amount owing on the Note, Plaintiff is also entitled to recover the $80.00 cost of serving Simoneau with the Complaint. 28 U.S.C. § 1921(a)(1). Furthermore, the Higher Education Act provides that in addition to the terms of the promissory note, the borrower is required to pay "reasonable collection costs." 20 U.S.C. § 1091a(b)(l). The Higher Education Act's implementing regulations specify that this includes "[c]ourt costs and attorneys fees." 34 C.F.R. § 30.60(a)(8). Likewise, pursuant to the Note, Simoneau promised to pay "reasonable collection costs, including attorney's fees, court costs and collection fees" if he failed to make his required payments. (Doc. #8-4.) Here, Plaintiff's counsel has provided an affidavit stating that he spent a total of 5.1 hours associated with this case at an hourly rate of $200, for a total of $1,020 in attorneys' fees. The Court finds that both the hours expended and counsel's hourly rate are reasonable.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Summary Judgment (Doc. #8) is **GRANTED.** Judgment is entered in favor of Plaintiff and against Defendant in the amount of $17,812.28, consisting of:

- $10,855.40 in unpaid principal;
- $5,856.88 in interest through September 4, 2014;
- $80.00 for service of process; and
- $1,020.00 in attorneys' fees.

2.  From September 4, 2014 through June 30, 2015, Plaintiff is entitled to additional interest on the unpaid principal amount at a rate of 3.13% per annum.  From June 30, 2015 until the entry of Judgment, Plaintiff is entitled to additional interest on the unpaid principal amount at the rate established by the U.S. Department of Education pursuant to the Higher Education Act.  The Judgment shall bear interest at the rate prescribed by 28 U.S.C. § 1961.

3.  The Clerk shall enter judgment accordingly, send a copy of this Order and the Judgment to Defendant at the last known address of **1967 Coco Plum St. NE, Palm Bay, Florida 32905**, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this   13th   day of August, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

6